UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DANIEL WALKER, JR., § | | |
| TDCJ No. 1680355, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | EP-11-CV-274-PRM |
| § | | |
| MIDLAND COUNTY, TEXAS, and THE § | | |
| ROGELIO SANCHEZ UNIT, TEXAS § | | |
| DEPARTMENT OF CRIMINAL JUSTICE, § | | |
|     Defendants. § | | |

### ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

In his civil rights complaint brought pursuant to 42 U.S.C. § 1983 [ECF No. 3], Plaintiff Daniel Walker, Jr. ("Walker"), proceeding *pro se* and *in forma pauperis*, seeks compensation for "pain and suffering—lack of medical treatment in a timely manner"[1] while a prisoner in state custody.[2] Walker alleges that unnamed medical personnel were deliberately indifferent to his medical condition—an umbilical hernia—during his confinement at the Midland County Jail ("Midland County") in Midland, Texas, and at the Texas Department of Criminal Justice's Sanchez Unit ("Sanchez Unit") in El Paso, Texas.[3] In a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [ECF No. 16],[4] the Sanchez Unit asserts "[t]he

---

[1] Pl.'s Compl. 4.

[2] According to the Texas Department of Criminal Justice's website, Walker is no longer confined by the State. Walker has not, however, informed the Court of his new address.

[3] The Sanchez Unit is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C.A. § 124(d)(3) (West 2012).

[4] Although summons was returned executed, Midland County has not answered Walker's complaint.

Eleventh Amendment to the United States Constitution is an explicit jurisdictional bar against suits brought in federal court against the State,"[5] and "neither a State, its agencies, nor its officials acting in their official capacities are 'persons' under § 1983."[6]

The United States Magistrate Judge to whom the Court referred this matter has prepared a report and recommendation [ECF No.17].[7] In his report, the Magistrate Judge recommends that the Court grant the Sanchez Unit's motion to dismiss. The Magistrate Judge reasons that "[a]s a state agency, the Sanchez Unit of TDCJ is immune from suit for monetary damages under the Eleventh Amendment."[8] Moreover, the Magistrate Judge recommends that the Court *sua sponte* dismiss Walker's claims against Midland County for failure to state a claim on which relief may be granted. The Magistrate Judge notes that "[m]unicipalities and other local government entities may be sued under § 1983 only where the alleged unconstitutional action implements or executes a policy, ordinance, regulation or decision officially adopted and promulgated by that local government's officers."[9] The Magistrate Judge explains that since Walker "has not specified any policy, ordinance, or decision from which liability would arise . . . his claims

---

[5] Def.'s Mot. to Dismiss 2. *See also Sossamon v. Texas*, -- U.S. -- , -- ,131 S.Ct. 1651, 1657 (2011) ("Sovereign immunity principles enforce an important constitutional limitation on the power of the federal courts.").

[6] *Id.* at 5 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)).

[7] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2012) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court[.]").

[8] Report and Recommendation 4 (citing *Hughes v. Savell*, 902 F.2d 376, 377 (5th Cir. 1990); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)).

[9] *Id.* at 4 (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 683 (1978); *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

against Midland County Texas should be dismissed."[10]

The Magistrate Judge gave Walker fourteen days to file written objections to the Report and Recommendation.[11] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[12] As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[13] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[14] To date, Walker has not responded to the report.[15]

Accordingly, after reviewing the report, the Court finds that the Magistrate Judge's

---

[10] *Id.* at 5.

[11] *Id.*; *see* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[12] *See* 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[13] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[14] *See* 28 U.S.C.A. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[15] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[16] Therefore, the Court enters the following orders:

1. The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 17].

2. The Court **GRANTS** the Sanchez Unit's motion to dismiss [ECF 16].

3. The Court **DISMISSES WITH PREJUDICE** Walker's claims against the Sanchez Unit for lack of subject-matter jurisdiction.

4. The Court additionally **DISMISSES WITH PREJUDICE** Walker's claims against Midland County for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. The Court **DENIES** all pending motions as moot.

---

[16] *Wilson*, 864 F.2d at 1221.

6. The Court **ADVISES** Walker that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[17] Accordingly, the District Clerk is **DIRECTED** to e-mail or otherwise send a copy of this Order to the Office of the General Counsel for the Texas Department of Criminal Justice and to the *Pro Se* Clerk for the United States District Court for the Eastern District of Texas. *Should Walker accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[18]

**SO ORDERED.**

**SIGNED** on this **8th day of February, 2012**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[17] *See* 28 U.S.C.A. § 1915(g) (West 2012) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

[18] *See id.*